# Judge Hellerstein

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE WORLD TRADE CENTER SITE LITIGATION

-------------------------------------------------------------------------

PAUL COSLETT AND ANNA MARIE COSLETT,

21 MC 100 (AKH)

**08 CIV 6726**

**SUMMONS**

Plaintiffs,

08 CV _____

-against-

**Jury Trial
Demanded**

THE CITY OF NEW YORK, and
AMEC CONSTRUCTION MANAGEMENT, INC., *et al.*,

Defendants.

-------------------------------------------------------------------------X

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon:

Plaintiffs' Attorney:    Sullivan Papain Block McGrath & Cannavo P.C.
                         120 Broadway, 18th Floor
                         New York, New York 10271
                         212/732.9000

an Answer to the Complaint that is herein served upon you, within 20 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

**J. MICHAEL McMAHON**
Clerk

_____

By: Deputy Clerk

JUL 28 2008
Date

_____
Date

*Please read this document carefully.
It is very important that you fill out each and every section of this document.*

TO:

AMEC CONSTRUCTION
MANAGEMENT, INC. and other AMEC entities
c/o Tara Saybe
Patton Boggs LLP
1 Riverfront Plaza, 6th Floor
Newark, NJ 07102

BOVIS LEND LEASE, LMB, INC.
and other BOVIS entities
c/o Mound Cotton Wollan & Greengrass
Mark J. Weber, Esq.
One Battery Park Plaza
New York, NY 10004-1486

TULLY CONSTRUCTION CO., INC.
and other TULLY entities
c/o Tara Saybe
Patton Boggs LLP
1 Riverfront Plaza, 6th Floor
Newark, NJ 07102

TURNER CONSTRUCTION
COMPANY and other
TURNER entities
c/o London Fisher LLP
Attn:  John Starling, Esq.
59 Maiden Lane
New York, NY 10038

CITY OF NEW YORK
By: Corporation Counsel
100 Church Street
New York, New York 10007

*Please read this document carefully*
*It is very important that you fill out each and every section of this document*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE WORLD TRADE CENTER
DISASTER SITE LITIGATION

---

PAUL COSLETT AND ANNA MARIE COSLETT,




                                        Plaintiffs,

 - against -

THE CITY OF NEW YORK, AND AMEC
CONSTRUCTION MANAGEMENT, INC., *et al.*,


                                        Defendants.

---

21 MC 100 (AKH)



DOCKET NO.



CHECK-OFF ("SHORT FORM")
COMPLAINT
RELATED TO THE
MASTER COMPLAINT

PLAINTIFF DEMANDS A TRIAL BY
JURY

---

By Order of the Honorable Alvin K. Hellerstein, United States District Judge, dated June 22, 2006, ("the Order"), Master Complaints for all Plaintiffs were filed on August 18, 2006.

## NOTICE OF ADOPTION

All headings and paragraphs in the Master Complaints are applicable to and are adopted by the instant Plaintiff(s) as if fully set forth herein in addition to those paragraphs specific to the individual Plaintiff(s), which are listed below. These are marked with an "☑" if applicable to the instant Plaintiff(s), and specific case information is set forth, as needed, below.

Plaintiff, by his attorneys SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, P.C. complaining of Defendants, respectfully alleges:

## I.  PARTIES

### PLAINTIFF(S)

1.  **X** Plaintiff PAUL COSLETT, (hereinafter the "Injured Plaintiff"), is an individual and a citizen of New York residing at 38 Deer Run Court, Carmel, New York 10512.


2.  Alternatively, ☐ _____ is the _____ of Decedent _____, and brings this claim in his (her) capacity as of the Estate of _____.

3.  **X** Plaintiff, ANNA MARIE COSLETT (hereinafter the "Derivative Plaintiff"), is an individual and a citizen of New York residing at 38 Deer Run Court, Carmel, New York 10512., and has the following relationship to the Injured Plaintiff:

**X** Plaintiff ANNA MARIE COSLETT at all relevant times herein, is and has been lawfully married to Plaintiff PAUL COSLETT, and brings this derivative action for her loss due to the injuries sustained by her husband, Plaintiff PAUL COSLETT.

 ☐ Parent  ☐ Child  ☐ Other: _____

4. In the period from September 11, 2001 through the end of September 2001, and thereafter, including October 2001, the injured Plaintiff worked for the New York City Fire Department as a firefighter at:

*Please be as specific as possible when identifying the following dates and locations.*

**X** The World Trade Center Site
Location(s) (*i.e.,* building, quadrant, etc.) throughout the four quadrants.
From September 11, 2001 through the end of September 2001 and into October 2001. For many of these days, the Plaintiff worked 16 to 24 hour shifts. For the other days, the Plaintiff worked at least 12 hour shifts. Plaintiff approximates that he worked at least 11 days in September 2001. Plaintiff worked for at least several days in October 2001.

☐ The New York City Medical Examiner's Office
From on or about _____ until _____,
Approximately _____ hours per day; for
Approximately _____ days total.

☐ The Fresh Kills Landfill
From on or about _____ until _____;
Approximately _____ hours per day; for
Approximately _____ days total.

☐ The Barge
From on or about _____ until _____;
Approximately _____ hours per day; for
Approximately _____ days total.

☐ **Other:*** For injured plaintiffs who worked at Non-WTC Site building or location. The injured plaintiff worked at the address/location, for the dates alleged, for the hours per day, for the total days, and for the employer, as specified below:

From on or about _____ until _____;
Approximately _____ hours per day; for
Approximately _____ days total;
Name and Address of Non-WTC Site
Building/Worksite: _____
_____

*Continue this information on a separate sheet of paper if necessary. If more space is needed to specify "Other" locations, please annex a separate sheet of paper with the information.

5. Injured Plaintiff

 **X** Was exposed to and breathed noxious fumes on all dates, at the site(s) indicated above;

 **X** Was exposed to and inhaled or ingested toxic substances and particulates on all dates at the site(s) indicated above;

 **X** Was exposed to and absorbed or touched toxic or caustic substances on all dates at the site(s) indicated above;

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

☐    Other: _____

6.    Injured Plaintiff

**X**    Has not made a claim to the Victim Compensation Fund.    Pursuant to §405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐    Made a claim to the Victim Compensation Fund that was denied.  Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐    Made a claim to the Victim Compensation Fund, that was subsequently withdrawn by Ground-Zero Plaintiff.  Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐    Made a claim to the Victim Compensation Fund that was granted. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, Ground Zero-Plaintiff has waived her/his right(s) to pursue any further legal action for the injuries identified in said claim.

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

**B.    DEFENDANT(S)**

7.    The following is a list of all Defendant(s) named in the Master Complaint.  If checked, all paragraphs pertaining to that Defendant are deemed pleaded herein.

---

**X** THE CITY OF NEW YORK
- ☐ A Notice of Claim was timely filed and served on May 14, 2007 and an Amended Notice of Claim was served on December 11, 2007.
  - ☐ pursuant to General Municipal Law §50-h the CITY held a hearing on _____ (OR)
  - ☐ The City has yet to hold a hearing as required by General Municipal Law §50-h
  - ☐ More than thirty days have passed and the City has not adjusted the claim
      (OR)
  - **X** A Petition/application to
  - **X** deem Plaintiff's (Plaintiffs') Notice of Claim timely filed, or in the alternative to grant Plaintiff(s) leave to file a late Notice of Claim *Nunc Pro Tunc* (for leave to file a late Notice of Claim *Nunc Pro Tunc*) has been filed and a determination
  - **X** is pending
    - ☐ Granting petition was made on _____
    - ☐ Denying petition was made on _____

---

☐ PORT AUTHORITY OF NEW YORK AND NEW JERSEY ["PORT AUTHORITY"]
- ☐ A Notice of Claim was filed and served pursuant to Chapter 179, §7 of The Unconsolidated Laws of the State of New York on
- ☐ More than sixty days have elapsed since the Notice of Claim was filed, (and)
  - ☐ the PORT AUTHORITY has adjusted this claim
  - ☐ the PORT AUTHORITY has not adjusted this claim.

---

- ☐ 1 WORLD TRADE CENTER, LLC
- ☐ 1 WTC HOLDINGS, LLC
- ☐ 2 WORLD TRADE CENTER, LLC
- ☐ 2 WTC HOLDINGS, LLC
- ☐ 4 WORLD TRADE CENTER, LLC
- ☐ 4 WTC HOLDINGS, LLC
- ☐ 5 WORLD TRADE CENTER, LLC
- ☐ 5 WTC HOLDINGS, LLC
- **X** AMEC CONSTRUCTION MANAGEMENT, INC.
- ☐ 7 WORLD TRADE COMPANY, L.P.
- ☐ A RUSSO WRECKING
- ☐ ABM INDUSTRIES, INC.
- ☐ ABM JANITORIAL NORTHEAST, INC.
- **X** AMEC EARTH & ENVIRONMENTAL, INC.
- ☐ PAUL CORTESE SPECIALIZED HAULING, LLC, INC.
- ☐ ATLANTIC HEYDT CORP
- ☐ BECHTEL ASSOCIATES PROFESSIONAL CORPORATION
- ☐ BECHTEL CONSTRUCTION, INC.
- ☐ BECHTEL CORPORATION
- ☐ BECHTEL ENVIRONMENTAL, INC.
- ☐ BERKEL & COMPANY, CONTRACTORS, INC.
- ☐ BIG APPLE WRECKING & CONSTRUCTION CORP
- **X** BOVIS LEND LEASE, INC.
- **X** BOVIS LEND LEASE LMB, INC.
- ☐ BREEZE CARTING CORP
- ☐ BREEZE NATIONAL, INC.
- ☐ BRER-FOUR TRANSPORTATION CORP.
- ☐ BURO HAPPOLD CONSULTING ENGINEERS, P.C.
- ☐ C.B. CONTRACTING CORP
- ☐ CANRON CONSTRUCTION CORP
- ☐ CANTOR SEINUK GROUP
- ☐ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.
- ☐ CORD CONTRACTING CO., INC
- ☐ CRAIG TEST BORING COMPANY INC.
- ☐ DAKOTA DEMO-TECH
- ☐ DIAMOND POINT EXCAVATING CORP
- ☐ DIEGO CONSTRUCTION, INC.
- ☐ DIVERSIFIED CARTING, INC.
- ☐ DMT ENTERPRISE, INC.

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

- ☐ D'ONOFRIO GENERAL CONTRACTORS CORP
- ☐ EAGLE LEASING & INDUSTRIAL SUPPLY
- ☐ EAGLE ONE ROOFING CONTRACTORS INC.
- ☐ EAGLE SCAFFOLDING CO
- ☐ EJ DAVIES, INC.
- ☐ EN-TECH CORP
- ☐ ET ENVIRONMENTAL
- ☐ EVERGREEN RECYCLING OF CORONA
- ☐ EWELL W. FINLEY, P.C.
- ☐ EXECUTIVE MEDICAL SERVICES, P.C.
- ☐ F&G MECHANICAL, INC.
- ☐ FLEET TRUCKING, INC.
- ☐ FRANCIS A. LEE COMPANY, A CORPORATION
- ☐ FTI TRUCKING
- ☐ GILSANZ MURRAY STEFICEK, LLP
- ☐ GOLDSTEIN ASSOCIATES CONSULTING ENGINEERS, PLLC
- ☐ HALLEN WELDING SERVICE, INC.
- ☐ H.P. ENVIRONMENTAL
- ☐ KOCH SKANSKA INC.
- ☐ LAQUILA CONSTRUCTION INC
- ☐ LASTRADA GENERAL CONTRACTING CORP
- ☐ LESLIE E. ROBERTSON ASSOCIATES CONSULTING ENGINEER P.C.
- ☐ LIBERTY MUTUAL GROUP
- ☐ LOCKWOOD KESSLER & BARTLETT, INC.
- ☐ LUCIUS PITKIN, INC
- ☐ LZA TECH-DIV OF THORTON TOMASETTI
- ☐ MANAFORT BROTHERS, INC.
- ☐ MAZZOCCHI WRECKING, INC.
- ☐ MERIDIAN CONSTRUCTION CORP.
- ☐ MORETRENCH AMERICAN CORP.
- ☐ MRA ENGINEERING P.C.
- ☐ MUESER RUTLEDGE CONSULTING ENGINEERS
- ☐ NACIREMA INDUSTRIES INCORPORATED
- ☐ NEW YORK CRANE & EQUIPMENT CORP.
- ☐ NICHOLSON CONSTRUCTION COMPANY
- ☐ OLYMPIC PLUMBING & HEATING
- ☐ PETER SCALAMANDRE & SONS, INC.
- ☐ PINNACLE ENVIRONMENTAL CORP
- ☐ PLAZA CONSTRUCTION CORP.
- ☐ PLAZA CONSTRUCTION MANAGEMENT CORP.
- ☐ PRO SAFETY SERVICES, LLC
- ☐ PT & L CONTRACTING CORP
- ☐ REGIONAL SCAFFOLD & HOISTING CO, INC.
- ☐ ROBER SILMAN ASSOCIATES
- ☐ ROBERT L GEROSA, INC
- ☐ RODAR ENTERPRISES, INC.
- ☐ ROYAL GM INC.
- ☐ SAB TRUCKING INC.
- ☐ SAFEWAY ENVIRONMENTAL CORP
- ☐ SEASONS INDUSTRIAL CONTRACTING
- ☐ SEMCOR EQUIPMENT & MANUFACTURING CORP.
- ☐ SILVERITE CONTRACTORS
- ☐ SILVERSTEIN PROPERTIES
- ☐ SILVERSTEIN PROPERTIES, INC.
- ☐ SILVERSTEIN WTC FACILITY MANAGER, LLC
- ☐ SILVERSTEIN WTC, LLC
- ☐ SILVERSTEIN WTC MANAGEMENT CO., LLC
- ☐ SILVERSTEIN WTC PROPERTIES, LLC
- ☐ SILVERSTEIN DEVELOPMENT CORP.
- ☐ SILVERSTEIN WTC PROPERTIES LLC
- ☐ SIMPSON GUMPERTZ & HEGER INC
- ☐ SKIDMORE OWINGS & MERRILL LLP
- ☐ SURVIVAIR
- ☐ TISHMAN INTERIORS CORPORATION,
- ☐ TISHMAN SPEYER PROPERTIES,
- ☐ TISHMAN CONSTRUCTION CORPORATION OF MANHATTAN
- ☐ TISHMAN CONSTRUCTION CORPORATION OF NEW YORK
- ☐ THORNTON-TOMASETTI GROUP, INC.
- ☐ TORRETTA TRUCKING, INC
- ☐ TOTAL SAFETY CONSULTING, L.L.C
- ☐ TUCCI EQUIPMENT RENTAL CORP
- X TULLY CONSTRUCTION CO., INC.
- X TULLY ENVIRONMENTAL INC.
- X TULLY INDUSTRIES, INC.

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

X TURNER CONSTRUCTION CO.
X TURNER CONSTRUCTION COMPANY
X TURNER CONSTRUCTION INTERNATIONAL, LLC
☐ TURNER/PLAZA, A JOINT VENTURE
☐ ULTIMATE DEMOLITIONS/CS HAULING
☐VERIZON NEW YORK INC,
☐ VOLLMER ASSOCIATES LLP
☐ W HARRIS & SONS INC
☐ WEEKS MARINE, INC.

☐ WEIDLINGER ASSOCIATES, CONSULTING ENGINEERS, P.C.
☐  WHITNEY CONTRACTING INC.
☐ WOLKOW-BRAKER ROOFING CORP
☐ WORLD TRADE CENTER PROPERTIES, LLC
☐ WSP CANTOR SEINUK
☐ YANNUZZI & SONS INC
☐ YONKERS CONTRACTING COMPANY, INC.
☐ YORK HUNTER CONSTRUCTION, LLC

☐ ZIEGE
☐ OTHER: _____

☐ Non-WTC Site Building Owner
   Name: _____
   Business/Service Address: _____
   Building/Worksite Address: _____
☐ Non-WTC Site Lessee
   Name: _____
   Business/Service Address: _____
   Building/Worksite Address: _____

☐ Non-WTC Site Building Managing Agent
   Name: _____
   Business/Service Address: _____
   Building/Worksite Address: _____

## II. JURISDICTION

8.    The Court's jurisdiction over the subject matter of this action is:

X Founded upon Federal Question Jurisdiction; specifically; X; Air Transport Safety & System Stabilization Act of 2001.

## III  CAUSES OF ACTION

Plaintiff(s) seeks damages against the above named defendants based upon the following theories of liability, and asserts each element necessary to establish such a claim under the applicable substantive law:

| | | | |
|---|---|---|---|
| X | Breach of the defendants' duties and obligations pursuant to the New York State Labor Law(s) including §§ 200 and 240 | X | Common Law Negligence, including allegations of Fraud and Misrepresentation |
| X | Breach of the defendants' duties and obligations pursuant to the New York State Labor Law 241(6) | | X  Air Quality;<br><br>X  Effectiveness of Mask Provided;<br><br>X  Effectiveness of Other Safety Equipment Provided |

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

| X | Pursuant to New York General Municipal Law §205-a | | (specify: _____ ); ☐ Other(specify): |
|---|---|---|---|
| ☐ | Pursuant to New York General Municipal Law §205-e | ☐ | Wrongful Death |
| | | X | Loss of Services/Loss of Consortium for Derivative Plaintiff |
| | | ☐ | Other: _____ |

## IV  CAUSATION, INJURY AND DAMAGE

9.      As a direct and proximate result of defendant's culpable actions in the rescue and/or recovery and/or construction, renovation, alteration, demolition and all work performed at the premises, the Injured Plaintiff sustained (including, but not limited to) the following injuries:

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

| | | | |
|---|---|---|---|
| ☐ | Cancer Injury:<br>Date of onset:<br>Date physician first connected this injury to WTC work: | ☐ | Cardiovascular Injury:<br>Date of onset: _____<br>Date physician first connected this injury to WTC work: _____ |
| X | **Respiratory Injury:** Severe Asthma; Reactive Airways Dysfunction Syndrome (RADS); Chronic Obstructive Pulmonary Disease (COPD); Gastroesophageal Reflux Disease (GERD)<br><br>**Date of onset**: On July 28, 2007, Plaintiff was on full duty as a Fire Fighter. While he was fighting a fire on that day, Plaintiff experienced such severe shortness of breath that the Fire Department immediately placed him on medical leave.<br><br>When Plaintiff was on medical leave, he consulted with a number of medical providers. Doctors at the New York University Medical Center's Pulmonary Function Laboratory observed in Plaintiff: "obstructive airway dysfunction." Doctors there also administered a Stress Test on Plaintiff and found: "47 year old man with asthma…COPD/Asthma."<br><br>On August 18, 2007, the Bureau of Health Services, Fire Department of the City of New York, diagnosed in Plaintiff, as stated in the Examination Report of that date: "pt now with significant irritant sensitivity… PFT done 8/7/07 shows a VC 4.3 (87%) and an FEV1 2.9 (73%) ratio of 67%. RV/TLC 126. There was a 9% increase in FEV1 with bronchodilator suggesting reactivity… will start Advair… will get chest CT… stress THAL shows small area of reversible defect in LAD distribution."<br><br>Similarly, on August 23, 2007, physicians at the Fire Department of the City of New York observed that Plaintiff: "has been on ML since 7/27 because of lung problem… has EST for evaluation of chest | ☐ | Fear of Cancer<br>Date of onset: _____<br>Date physician first connected this injury to WTC work: _____ |

*Please read this document carefully.*<br>*It is very important that you fill out each and every section of this document.*

discomfort... Occurs every day for past month... feels like tightness in left chest...."

Later in the month of August 2007, doctors continued to search for possible alternate causes for Plaintiff's chest pain. On August 29, 2007, Danbury Hospital doctors performed a cardiac catheterization on Plaintiff, and found: "47 year old man recently developed a chest pain syndrome with a stress test documenting anterior ischemia... " "Conclusions: 1. Normal coronary arteries..."

On September 24, 2007, the Fire Department placed Plaintiff on light duty due to his unrelenting breathing problems and chest pains.

On November 8, 2007, Plaintiff consulted with Lawrence DeLorenzo, M.D., a pulmonologist at the Pulmonary Laboratory of the Westchester Medical Center. Dr. DeLorenzo confirmed in Plaintiff's lungs a "mild obstructive pattern without bronchodilator response at this time."

On November 16, 2007, doctors at the Fire Department of the City of New York again found in Plaintiff "asthma exacerbation this am," yet the "chest exam [showed] relatively clear."

On November 21, 2007, doctors at the Fire Department of the City of New York observed in Plaintiff: "ASTHMA / RADS had flare up of asthma on Friday... treated at Bellevue... lungs clear today."

On April 22, 2008, the Fire Department of the City of New York determined that Plaintiff be placed on three-quarter disability retirement. Plaintiff continues to undergo diagnostic testing to determine any alternate causes for his chest pain and shortness of breath.

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*

| | | |
|---|---|---|
| | **Date physician first connected this injury to WTC work:** April 22, 2008, when Plaintiff received confirmation that he was disabled as a result of World Trade Center exposures, as a matter of law. | |
| X | **Digestive Injury:** Gastroesophageal reflux. **Date of onset:** As set forth above in the respiratory injury section. **Date physician first connected this injury to WTC work:** As set forth above in the respiratory injury section. | ☐ Other Injury: Date of onset: Date physician first connected this injury to WTC work: |

*NOTE: The foregoing is NOT an exhaustive list of injuries that may be alleged.*

10.    As a direct and proximate result of the injuries identified in paragraph "1", above, the Ground Zero-Plaintiff has in the past suffered and/or will in the future suffer the following compensable damages:

| | | | |
|---|---|---|---|
| **X** | Pain and suffering | **X** | Expenses for medical care, treatment, and rehabilitation |
| **X** | Loss of the enjoyment of life | | |
| **X** | Loss of earnings and/or impairment of earning capacity | **X** | Other: **X** Mental anguish **X** Disability ☐ Medical monitoring ☐ Other: _____ |
| **X** | Loss of retirement benefits/diminution of retirement benefits | | |

11.    As a direct and proximate result of the injuries described *supra*, the derivative plaintiff(s), if any, have in the past suffered and/or will in the future suffer a loss of the love, society, companionship, services, affection, and support of the plaintiff and such other losses, injuries and damages for which compensation is legally appropriate.

*Please read this document carefully. It is very important that you fill out each and every section of this document.*

**WHEREFORE**, plaintiff(s) respectfully pray that the Court enter judgment in his/her/their favor and against defendant(s) for damages, costs of suit and such other, further and different relief as may be just and appropriate.

**Plaintiffs demand that all issues of fact in this case be tried before a properly empanelled jury.**

Dated: New York, New York
        July 25, 2008

Yours, etc.

SULLIVAN PAPAIN BLOCK
MCGRATH  & CANNAVO P.C.
Attorneys for Plaintiff

BY: _____
    Andrew J. Carboy  (AC 2147)
    120 Broadway - 18th Floor
    New York, New York 10271
    Tel: (212) 732-9000

*Please read this document carefully.*
*It is very important that you fill out each and every section of this document.*